Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE VACCARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC and DOES 1-100, and EACH OF THEM,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. STEVE VACCARO ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ASSET RECOVERY SOLUTIONS

("Defendant"), its related entities, subsidiaries, and agents, in placing telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and members of the Class, without their prior express consent, in connection with the attempted collection of debts not owed by the recipients of such calls, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA prohibits any person from making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system or an artificial or prerecorded voice, to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3). It is a violation of the TCPA regardless of whether the called party is the actual debtor, so long as the call is placed without the prior express consent of the person actually called.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the TCPA, 47 U.S.C. § 227.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, including Plaintiff's receipt of Defendant's unlawful telephone calls on his cellular telephone while he was located in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2) because Defendant is subject to personal jurisdiction in this District with respect to this action, by virtue of having purposefully directed its collection calls to Plaintiff's California-based cellular telephone number, and therefore resides in this District for venue purposes.

## PARTIES

5. Plaintiff is a natural person residing at 2303 Ralston Lane, Redondo Beach, California 90278, within the County of Los Angeles.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Asset Recovery Solutions is a debt collection agency that regularly conducts business nationally, including placing debt-collection telephone calls, using an artificial or prerecorded voice, to consumers' cellular telephones throughout the United States, including to Plaintiff and members of the Class in this District.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. At all times relevant, Defendant was attempting to collect an alleged consumer debt owed by a third party, not Plaintiff, and in doing so directed repeated telephone calls to Plaintiff's California-based cellular telephone number (424) 653-0962, which has no connection to the alleged debtor or the underlying debt.

10. On February 16, 2026, Defendant, or an entity acting on Defendant's behalf, began placing telephone calls to Plaintiff's cellular telephone in connection with the alleged debt, using an artificial or prerecorded voice.

11. Plaintiff's brother first notified Plaintiff's counsel of Defendant's calls on February 19, 2026, reporting that a debt collector was calling Plaintiff and leaving voicemail messages, that Plaintiff had already called back twice to explain that Defendant had reached the wrong person, and that Defendant had nonetheless sent yet another voicemail.

12. Between February 16, 2026 and March 9, 2026, Defendant left Plaintiff at least seven voicemail messages using an artificial or prerecorded voice, placed from at least seven different telephone numbers, as follows: (a) February 16, 2026, from (833) 907-0251; (b) February 19, 2026, from (833) 907-0157; (c) February 24, 2026, from (877) 470-5664; (d) February 25, 2026, from (877) 402-7624; (e) February 27, 2026, from (866) 361-0865; (f) March 4, 2026, from (877) 903-0295; and (g) March 9, 2026, from (866) 510-6639.

13. The voicemail left on February 24, 2026, from (877) 470-5664, stated, in pertinent part: "...unresolved balance on your account. A recent document has been sent to 28955 Dune Lane at #104, Canyon Country, California. Please return our call directly at 1-877-470-5664. This is an attempt to collect a debt and any information obtained will be used for that purpose."

14. The voicemail left on February 25, 2026, from (877) 402-7624, stated, in pertinent part: "Recovery Services at 1-877-402-7624. Written notice regarding this account has been sent to 28955 Dune Lane at #104, Canyon Country, California. Alan Arana, your timely response is appreciated." Defendant's reference in this voicemail to "Alan Arana" — a name that is not Plaintiff's, and an individual with whom Plaintiff has no relationship — independently confirms that Defendant was attempting to reach a person other than Plaintiff, and that Defendant nonetheless continued to direct its collection calls to Plaintiff's cellular telephone number.

15. The voicemail left on February 27, 2026, from (866) 361-0865, stated, in pertinent part: "...balance associated with your account. Please return our call at 1-866-361-0865 so we can review available options and work toward a positive resolution. Resolution sent to 28955 Dune Lane at #104, Canyon Country, California."

16. Defendant's remaining voicemail messages, left on February 16, 2026, February 19, 2026, March 4, 2026, and March 9, 2026, similarly referenced an "account" or "balance" and directed Plaintiff to return Defendant's call, using the same artificial or prerecorded voice format as the voicemails quoted above.

17. The address referenced in Defendant's voicemail messages — 28955 Dune Lane, #104, Canyon Country, California — is not, and has never been, Plaintiff's address, and Plaintiff has no relationship with the individual or entity to whom the alleged debt actually belongs.

18. Following receipt of Defendant's voicemail messages, Plaintiff returned Defendant's calls on at least two separate occasions and informed Defendant's representative(s) that Defendant had reached the wrong person, that Plaintiff was not the individual Defendant was attempting to reach, and that Plaintiff had no knowledge of, or connection to, the alleged debt.

19. Notwithstanding Plaintiff's repeated notice to Defendant that it had reached the wrong person, Defendant continued to place collection calls to Plaintiff's cellular telephone for approximately three additional weeks, through at least March 9, 2026.

20. Plaintiff never had a business or contractual relationship with Defendant, never provided his cellular telephone number to Defendant or to the entity attempting to collect the alleged debt, and never provided Defendant with prior express consent, in any form, to be contacted using an artificial or prerecorded voice.

21. It is Defendant's pattern and practice to use an artificial or prerecorded voice to place collection calls to cellular telephone numbers on file for alleged debtors, without adequately verifying that the number reached actually belongs to the person

Defendant is attempting to collect from, and without prior express consent from the person actually reached, resulting in calls of the kind described herein being placed to Plaintiff and other similarly situated individuals nationwide.

22. The exemption for calls to residential telephone lines made pursuant to an established business relationship, 47 U.S.C. § 227(b)(1)(B), and the regulations promulgated thereunder, does not apply to Defendant's conduct, as the calls at issue were made to Plaintiff's cellular telephone under 47 U.S.C. § 227(b)(1)(A)(iii), and Plaintiff had no business relationship — established or otherwise — with Defendant of any kind.

23. As a result of Defendant's conduct, Plaintiff and members of the Class suffered invasion of privacy, aggravation, annoyance, and a loss of time spent addressing Defendant's repeated and misdirected collection calls.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

25. Plaintiff represents, and is a member of, "The Class" defined as follows:

> All persons within the United States (a) to whom Defendant, or a third party acting on Defendant's behalf, placed one or more non-emergency telephone calls, (b) using an artificial or prerecorded voice, (c) to said person's cellular telephone number, (d) in connection with an attempt to collect a debt not owed by the recipient of the call, and (e) without the recipient's prior express consent, within the four years prior to the filing of this Complaint through the date of class certification.

26. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class, but believes, based on Defendant's status as a nationwide debt collection agency and the automated nature of its calling practices, that Class members number at least in the hundreds, if not more, such that joinder of all members is impracticable.

27. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, placed telephone calls using an artificial or prerecorded voice to the cellular telephones of Plaintiff and members of the Class, without their prior express consent, in connection with the collection of debts not owed by them, within the four years prior to the filing of this Complaint. Plaintiff and Class members were damaged thereby.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

1. Whether Defendant used an artificial or prerecorded voice to place calls to cellular telephones;
2. Whether Defendant had a policy or practice of placing such calls to consumers without first verifying that it had reached the intended debtor;
3. Whether Defendant obtained prior express consent before placing such calls to members of the Class;
4. Whether Defendant's conduct constitutes a violation of the TCPA, 47 U.S.C. § 227(b);
5. Whether Plaintiff and the Class are entitled to statutory damages, and in what amount; whether Defendant's violations were knowing or willful so as to support treble damages under 47 U.S.C. § 227(b)(3), and
6. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. Plaintiff's claims are typical of the claims of the Class, as Plaintiff, like every other Class member, received one or more calls from Defendant using an artificial or prerecorded voice to his cellular telephone, without prior express consent, in connection with an alleged debt not owed by him.

31. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class members is impracticable, and the statutory damages available to any individual Class member are too small to justify the expense and burden of individual litigation. Absent a class action, Defendant will likely continue its unlawful conduct without remedy, and Class members will have no realistic ability to vindicate their rights.

33. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)

## [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(3).

36. Defendant, or its agents acting on its behalf, placed at least two telephone calls to Plaintiff's cellular telephone using an artificial or prerecorded voice, as described above, and placed similar calls to members of the Class.

37. Defendant placed said calls without Plaintiff's, or the Class's, prior express consent.

38. Defendant's calls to Plaintiff and the Class were not made for emergency purposes, and no exemption under the TCPA or its implementing regulations applies to Defendant's conduct.

39. Defendant's violations were knowing and/or willful, in that Defendant continued to place prerecorded calls to Plaintiff's cellular telephone after Plaintiff notified Defendant, on at least two occasions, that it had reached the wrong person.

40. As a result of Defendant's violations of the TCPA, Plaintiff and the Class are entitled to recover the greater of their actual monetary loss or statutory damages of $500 for each violation, and the Court may, in its discretion, treble that amount up to $1,500 for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3), as well as injunctive relief prohibiting Defendant from further violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For the greater of actual damages or statutory damages of $500 per violation, and up to $1,500 per violation for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3), for Plaintiff and each member of The Class;

c. For injunctive relief enjoining Defendant, its agents, and all persons acting in concert with it, from placing further calls using an artificial or

prerecorded voice to the cellular telephones of Plaintiff and The Class without prior express consent;

d. For costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: September 18th, 2026 **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: Todd M. Friedman

TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF